**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **DEVONTE CAMPBELL,** | ) | **CASE NO. 1:15CV1302** |
| | ) | |
| Petitioner, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **ALAN J. LAZAROFF, Warden,** | ) | **OPINION AND ORDER** |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court on Petitioner Devonte Campbell's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF #1). For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation, and denies Petitioner's Petition.

## **FACTS**

The following is a factual synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation, adopted and incorporated, provides a more complete and detailed discussion of the facts.

1

Petitioner was charged with two counts of Attempted Murder, four counts of Felonious Assault, one count of Carrying a Concealed Weapon, one count of Having a Weapon Under Disability, one count of Illegal Possession of a Firearm in a Liquor Permit Premises and one count of Improperly Handling Firearms in a Motor Vehicle. All charges carried Firearm and/or Forfeiture Specifications.

The case proceeded to trial. Prior to closing arguments, the trial court granted Petitioner's Rule 29 Motion to Dismiss with respect to the charge of Illegal Possession of a Firearm in a Liquor Permit Premises. On February 28, 2013, the jury found Petitioner guilty of all remaining counts, save for the Weapon While Under a Disability charge that was tried by the court. The court found him guilty of that charge as well. On March 25, 2013, the court sentenced Petitioner to an aggregate prison term of 24 years.

On April 22, 2013, Petitioner filed a Notice of Appeal with the Eighth District Court of Appeals. On February 13, 2014, the Court of Appeals affirmed the conviction and sentence, but remanded for the trial court to issue a *nunc pro tunc* sentencing entry crediting Petitioner with 363 days jail-time credit. On May 31, 2014, Petitioner filed a Notice of Appeal with the Ohio Supreme Court. On June 25, 2014, the Ohio Supreme Court declined to accept jurisdiction of the Appeal.

Petitioner filed the instant Petition on June 30, 2015, asserting the following ground for relief:

> **GROUND ONE:** An impermissibly suggestive photo array violated Mr. Campbell's due process rights.
>
> **Supporting Facts:** Mr. Campbell was not identified as the individual responsible for the September 14, 2011 shooting until several months

>later. Mr. Campbell claims, as he did to the State courts, that he has been misidentified as the shooter as the result of an unduly suggestive photo array in violation of his constitutional right.

On July 1, 2015, this Court referred Petitioner's Petition to the Magistrate Judge for a Report and Recommendation. The Magistrate Judge issued her Report and Recommendation on July 19, 2016. On August 11, 2016, Petitioner's Petition was dismissed due to Petitioner's failure to file any Objections to the Magistrate's Report. On October 17, 2016, Petitioner's Motion for Extension of Time to Respond to Magistrate Judge's Recommendation was granted and Petitioner was ordered to file his response by November 17, 2016. On October 24, 2016, Petitioner filed an Objection to the Report.

## STANDARD OF REVIEW

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-411.

3

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004). Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

## ANALYSIS

The Respondent asserts that Petitioner's sole claim for relief is procedurally defaulted because it was not fairly presented to the Supreme Court of Ohio as a distinct federal constitutional claim. Specifically, Respondent concedes that, before the Court of Appeals, Petitioner challenged the pretrial identifications on due process grounds, but abandoned the argument in his appeal before the Ohio Supreme Court. The Magistrate Judge determined that Petitioner's sole ground for relief is defaulted for lack of fair presentation before the state's highest court. Further, Petitioner does not show cause and prejudice for his default or demonstrate that a fundamental miscarriage of justice would result if the default is enforced.

The Magistrate Judge then proceeded to address the merits of the claim in an abundance of caution. Petitioner argues that the photo array by which the witnesses identified him was unduly suggestive. The Court of Appeals found that the photo array was not unduly suggestive and overruled the claim. The Magistrate Judge ordered Respondent to immediately file the original color copies of the photo array. Respondent filed a response stating that efforts to obtain the photos have been

4

unsuccessful.

The Magistrate Judge points out that pursuant to 28 U.S.C. § 2254(e)(1), "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." *See also Franklin v. Bradshaw*, 695 F.3d 439, 447 (6th Cir. 2012) ("[R]egardless of whether we would reach a different conclusion were we reviewing the case de novo, the findings of the state court must be upheld unless there is clear and convincing evidence to the contrary.") (quoting *Clark v. O'Dea*, 257 F.3d 498, 506 (6th Cir. 2001) (applying 28 U.S.C. § 2254(e)(1)); *see also Wood v. Allen*, 558 U.S. 290 (2010) ("a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance").

In this case, the Court of Appeals thoroughly examined the photo array and detailed their reasons for their finding. The Magistrate Judge concluded that the Court of Appeals statement of the law is correct and its application of the law was not unreasonable.

Petitioner submitted his objection which reads as follows:

> I...object to this order for the following reasons. The court ordered Respondent to furnish the court with colored copy's [sic] of the two photo arrays exhibit 44-45. Respondent's counsel filed a response detailing their efforts to obtain the photo array from the Clerk's office of the trial court and prosecutors's office. Respondent asserts that all these efforts were unsuccessful. The absence of the color photo arrays from the record alone is a reason why my habeas corpus should be granted.

5

In *Thomas v. Arn*, 474 U.S. 140, 150 (1985), the Supreme Court held: "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."  "A party may not file a general objection to the entirety of the magistrate's report.*" Ayers v. Bradshaw*, No. 3:07CV2663, 2008 WL 906100, at *1 (N.D. Ohio March 31, 2008) (citing *Howard v. Sec'y of Health and Human Services*, 932 F.2d 505, 508-09 (6th Cir. 1999)).

In the instant matter, Petitioner merely states that his Petition should be granted. "For an objection to be sufficiently specific, the petitioner must direct 'the district judge's attention to specific issues decided by the magistrate contrary to [the petitioner's] position.'"  *Ayers, supra* at *2 (quoting *Neuman v. Rivers*, 125 F.3d 315, 323 (6th Cir. 1997)).  Petitioner does not provide the Court with an outline of areas of disagreement. Petitioner's submission simply recites his objection; but is the equivalent of an utter failure to object as it does not address the procedural default.

For the foregoing reasons, the Court  **ADOPTS** and **ACCEPTS** the Magistrate Judge's well-reasoned Report and Recommendation and denies Petitioner's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody as procedurally defaulted.  Additionally, the Court agrees with the Magistrate Judge that Petitioner's Ground for Relief is without merit.

The Court finds an appeal from this decision could not be taken in good faith.  28 U.S.C. § 1915 (a)(3).  Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody**,** the Court declines to

issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

**Date:11/21/2016**

*s/Christopher A. Boyko*
**CHRISTOPHER A. BOYKO**
**United States District Judge**